# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAYMOND K. FERRIS,** | : | CIVIL ACTION NO. 1:09-CV-1465 |
| **Petitioner** | : | (Judge Conner) |
| v. | : | |
| **WARDEN HOLT,** | : | |
| **Respondent** | : | |

## MEMORANDUM

Petitioner Raymond K. Ferris ("Ferris") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 29, 2009, seeking an order compelling respondent to reconsider petitioner's request for pre-release custody placement in a residential re-entry center ("RRC")[1] for the last twelve months of his sentence in accordance with the Second Chance Act of 2007. (Doc. 1). For the reasons that follow, the petition will be dismissed without prejudice for failure to exhaust available administrative remedies.

## I. Background

Ferris, a federal inmate presently incarcerated at the United States Penitentiary at Canaan ("USP-Canaan"), Waymart, Pennsylvania, was sentenced on October 24, 2006, in the United States District Court for Maine to a fifty-one month term of imprisonment for possession with intent to distribute cocaine in

---

[1]Prior to March 31, 2006, RRC's were referred to Community Corrections Centers ("CCCs"). (Doc. 11-2, Declaration of David Rigol, Federal Bureau of Prisons case manager coordinator at the United States Penitentiary at Canaan, at 4, ¶ 5, n.1.) They are commonly known as halfway houses. (Id.)

violation of 21 U.S.C. § 841(A)(1). (Doc. 11-2, Declaration of David Rigol ("Rigol Decl."), at 3, ¶ 3.) His projected release date is May 7, 2010, *via* good conduct time release. (Id. at 4, ¶ 4.)

On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 (the "Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624 was signed into law. The Act increases the duration of pre-release placement in an RRC from six to twelve months and requires the BOP to make an individual determination that ensures that the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C) (Apr. 9, 2008).

Recommendations for RRC placement are ordinarily reviewed with the inmate and Unit Team seventeen to nineteen months prior to the inmate's probable release date. (Doc. 11-2, Rigol Decl., at 4, ¶ 5.) Referrals are then forwarded to the Community Corrections Manager at least sixty days prior to the maximum recommended date. (Id. at ¶ 6, citing BOP Program Statement 7310.04, Community Corrections Center Utilization and Transfer Procedures.)

In September 2008, Ferris's Unit Team conducted a Program Review to discuss his anticipated RRC placement and informed him that a recommendation for a 150-180 day RRC placement would be proposed. (Doc. 11-2, at 62.) . (Doc. 11-2, Rigol Decl. at 5, ¶ 8.) The Program Review Committee's Inmate Skills Development Plan indicates that the recommendation "was based on his current offense, noting that he had a longer sentence and that he was not a violent offender;

2

available resources within the release district, noting that he has secured residency with his mother; financial planning, noting that he is not in destitution; employment options/academic history, noting that he has a high school diploma, but he has not secured employment upon his release." (Doc. 11-2, Rigol Decl. at 5, ¶ 10.) On November 20, 2008, the proposed recommendation of 150-180 days was approved by the Warden. (Id. at 5, ¶ 9, citing "Institutional Referral for CCC Placement," at 65.) Ferris is scheduled for referral to RRC on November 10, 2009.

Ferris filed a request for administrative relief with respect to his RRC placement. (Doc. 11-2, at 75.) Following a failed attempt at informal resolution, filed on May 5, 2009, he filed his first request for administrative relief on June 15, 2009. (Doc. 19-3, at 1; Doc. 19–4, at 1.) He received the following response from the Warden on July 7, 2009:

> Your request was reviewed in accordance with the "Second Chance Act." The factors considered were: program participation, institutional conduct, family and community ties, release residence, educational needs, and the bed space limitations of the RRC. A review of your central file indicates you received a 51 month sentence for Possession with Intent to Distribute Cocaine. Based on a review of these factors, the placement you have been given of November 10, 2009, to the Pharos House in Portland, Maine is appropriate. This amount of time will give you the greatest likelihood for successful reintegration into your community.

(Doc. 19-4, at 2.) Ferris filed a timely appeal to the Regional Director, which was denied on August 12, 2009. (Doc. 19-5, at 4.) Next, he filed a Central Office Administrative Remedy Appeal. (Doc. 19-6, at 1-2.) Although it appears that the

appeal was received on September 3, 2009, by the "Administrative Remedy Section" of the Office of General Counsel, no response has been received. Respondent takes the position that he has failed to exhaust his administrative remedies because he did not appeal to the Central Office level. (Doc. 11-2, Declaration of Susan Albert ("Albert Decl."), at 71-72, ¶ 4.)

## II. Discussion

The habeas statute upon which petitioner relies to challenge his the timing of his pre-release placement, 28 U.S.C. 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (quoting 28 U.S.C. §§ 2241(a)( and (c)(3)). The United States Court of Appeals for the Third Circuit has concluded that section 2241 is the appropriate means for challenging a decision to exclude an inmate from release to an RRC. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005.)

Although Section 2241 does not contain a statutory exhaustion requirement, courts in the United States Court of Appeals for the Third Circuit have consistently required an inmate to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam)); e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required for the following reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to

4

grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (3d Cir. 1996) (citations omitted).

The exhaustion procedure to be utilized by federal inmates is the administrative remedy protocol established by the Bureau of Prisons ("BOP") and set forth at 28 C.F.R. §§ 542.10-542.19. Pursuant to this protocol, an inmate first must present his complaint to staff, and staff must attempt to resolve informally any issue before an inmate files a request for administrative relief. See § 542.13(a). If informal resolution proves unsuccessful, the inmate may raise the complaint with the warden of the institution where he or she is confined. See id. An inmate has twenty calendar days from the date of the alleged injury within which to complete this informal resolution process. See § 542.14(a). If an inmate is dissatisfied with the response receive, he or she may appeal the decision to the Regional Office, and if unsuccessful on this appeal, he or she may appeal to the General Counsel or Central Office of the BOP. See § 542.15. General Counsel has forty calendar days to respond. See id. § 542.18. A BOP decision is not final—and thus not reviewable—until relief has been denied by the General Counsel's Office. Id. If at any point an inmate misses a deadline imposed by federal regulations, BOP policy requires that the inmate seek an extension of time within which to file his or her grievance. See § 542.14(b). Acquisition of an extension requires that an inmate provide a "valid reason for the delay." Id.

It is clear that the administrative remedy process is not yet complete in that Ferris's appeal is still pending in the Office of General Counsel and the forty day time period to rule on the appeal has not yet expired. Consequently, the petition for writ of habeas corpus will be dismissed without prejudice for failure to exhaust administrative remedies.

An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: October 8, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAYMOND K. FERRIS,** | : | CIVIL ACTION NO. 1:09-CV-1465 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN HOLT**, | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 8th day of October, 2009, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the foregoing memorandum, it is hereby ORDERED that:

1. The petition (Doc. 1) is DISMISSED without prejudice.

2. The Clerk of Court is directed to CLOSE this case.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge